**James STEVENS, an individual and on behalf of all others similarly situated, Plaintiff—Appellant,**

v.

**GCS SERVICE, INC., a Delaware Corporation; Ecolab, Inc., a Delaware Corporation, Defendants—Appellees.**

No. 06–56035.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2008.

Filed June 2, 2008.

W.H. "Hank" Willson, Iv, Esq., Todd M. Schneider, Schneider & Wallace, San Francisco, CA, Kathleen N. Rager, Esq., Rager & Noiroux LLP, Irvine, CA, for Plaintiff–Appellant.

Raymond R. Kepner, Esq., Carolyn E. Sieve, Esq., Seyfarth Shaw, LLP, Los Angeles, CA, John A. Van Hook, Esq., for Defendants–Appellees.

Before: WALLACE, GOULD, and IKUTA, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM *

James Stevens appeals from the district court's partial summary judgment in favor of GCS Service, Inc. and Ecolab, Inc. ("GCS") in Stevens's putative class action suit against GCS, his former employer. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's grant of partial summary judgment, *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004).[1]

■ First, Stevens argues that GCS is equitably estopped from not compensating Stevens and his co-plaintiffs for their commute time because GCS charges its customers for the time and expense of their travel. To apply the doctrine of equitable estoppel, the party seeking estoppel must be ignorant of the true state of facts and must rely upon the other party's conduct to his injury. *Driscoll v. City of Los Angeles*, 67 Cal.2d 297, 305, 61 Cal.Rptr. 661, 431 P.2d 245 (1967). Stevens has not alleged facts that show he was ignorant of or relied to his detriment on GCS's travel time charges. We affirm the district court's summary judgment in favor of GCS with regards to Stevens's equitable estoppel claim.

■ Next, Stevens challenges the district court's conclusion that Stevens was not working during his commute to and from work despite being required to drive a GCS van. California Code of Regulations title 8, section 11040, prohibits employees from working more than eight hours per workday or forty hours per workweek unless they are paid overtime for all hours worked over forty hours in the workweek. Cal.Code Regs. tit. 8,

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

§ 11040(3)(A)(1). "Hours worked" is defined as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *Id.* § 11040(2)(K). Stevens argues that, during their commutes in GCS vans, he and his co-plaintiffs were "subject to the control" of and "suffered or permitted to work" by GCS. We believe that the district court properly rejected Stevens's argument that driving the vans per se constituted hours worked. However, because we believe that a genuine issue of material fact exists with regard to whether Stevens was "suffered or permitted to work" by GCS during his commute, when he received calls from the company, we reverse in part and remand for further proceedings.

■ Under California law, employees not permitted to use "time effectively for their own purposes" are considered subject to the control of their employer. *Morillion v. Royal Packing Co.,* 22 Cal.4th 575, 586, 94 Cal.Rptr.2d 3, 995 P.2d 139 (2000) (internal quotation marks and alteration omitted). In evaluating whether employees are subject to the control of their employer, "[t]he level of the employer's control over its employees, rather than the mere fact that the employer requires the employees' activity, is determinative." *Id.* at 587, 94 Cal.Rptr.2d 3, 995 P.2d 139. Employees not subject to the control of their employer during their commute "decide when to leave, which route to take to work, and which mode of transportation to use. By commuting on their own, employees may choose and may be able to run errands before work and to leave from work early for personal appointments." *Id.* at 586–87, 94 Cal.Rptr.2d 3, 995 P.2d 139. While Stevens and his co-plaintiffs were not permitted a choice of transportation, they were given the freedom to decide when to leave for work and which route to take. Stevens also stated that he was able to use the GCS van for personal purposes on his commute to and from work—to drop his grandson off at daycare, visit with friends, meet with his attorney, and attend union meetings. We hold that the district court did not err in determining that Stevens and his co-plaintiffs were not "foreclosed from numerous activities in which they might otherwise engage if they were permitted to travel to [job sites] by their own transportation." *See id.* at 586, 94 Cal.Rptr.2d 3, 995 P.2d 139. Thus, we affirm the district court's conclusion that GCS's requirement that Stevens drive a GCS van to and from work did not subject Stevens to GCS's control during his commute.

The California Supreme Court has determined that "the phrase 'suffered or permitted to work, whether or not required to do so' ... encompasses a meaning distinct from merely 'working.'" *Id.* at 584, 94 Cal.Rptr.2d 3, 995 P.2d 139. Although California courts have not further interpreted the phrase, federal cases have defined "suffer" and "permit" to mean "with the knowledge of the employer." *See id.* at 585, 94 Cal.Rptr.2d 3, 995 P.2d 139 (internal quotation marks omitted). The district court did not err in concluding that Stevens and his co-plaintiffs must be engaged in work-related tasks or exertion in addition to mere transportation of themselves and their tools and equipment in order to be compensated for being "suffered or permitted to work." *See id.* at 579 n. 2, 94 Cal.Rptr.2d 3, 995 P.2d 139 (concluding that employees who engage in "an ordinary commute from home to work and back" are not compensated under California Code of Regulations title 8, section 11040(2)(K)); *see also* Travel Time Pay For Employee With Alternative Worksites, Op. Cal. Div. of Labor Standards Enforcement 3 (Apr. 22, 2003) (determining that a carpenter could not expect to be paid for the time commuting from his

home to the job site if that job site was within a reasonable distance). However, we hold that the district court erred in entering summary judgment for GCS because Stevens submitted evidence in the form of his deposition statements that, while he did not initiate work-related calls while driving, three to four times each week he received calls from his employer and thus engaged in work-related phone conversations during his commutes. If these few phone calls were brief, then they might be *de minimis*. Conversely, if the phone calls were of sufficient length, then they may instead support a conclusion that Stevens was "suffered or permitted to work" by GCS during his commute. The record is silent on the length of the calls alleged to have been received by Stevens, and we conclude that a record on this issue is necessary for evaluation. Because there exists a genuine issue of material fact relating to the duration and frequency of these phone calls, we reverse the district court's summary judgment in favor of GCS and remand for further proceedings. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Each party shall bear its own costs on appeal.